UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MORAN TOWING CORPORATION<br>    Plaintiff, | Civil Action No. |
| v. | Judge |
| INTERNATIONAL-MATEX TANK<br>TERMINALS LLC<br>    Defendant. | Mag. Judge |

## **COMPLAINT**

Moran Towing Corporation, through undersigned counsel, files this Complaint against International-Matex Tank Terminals LLC, and upon information and belief alleges as follows:

1. This is an admiralty and maritime claim within the jurisdiction of the United States and this Court pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The Court also has jurisdiction pursuant to 28 U.S.C. 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.

3. Plaintiff Moran Towing Corporation is a New York corporation with its principal place of business in New Canaan, Connecticut.

4. Defendant International-Matex Tank Terminals LLC ("IMTT") is a Delaware corporation with its principal place of business in New Orleans, Louisiana.

5. Venue is proper in this Court because Defendant is located within this judicial district and a substantial part of the events giving rise to this claim occurred within this district.

6. Moran Towing is the sole owner of the articulated tug and barge ("ATB") LOUISIANA, and was the sole owner of the ATB LOUISIANA all material times referenced herein.

7. IMTT owns, operates, and/or maintains a terminal in St. Rose, Louisiana, for the handling and storage of bulk liquid materials such as petroleum and vegetable oil products. IMTT's St. Rose facility, located along the Mississippi River, transfers the bulk liquid materials from its shore tanks to vessels as cargo.

8. On or about June 5-6, 2019, the LOUISIANA called at IMTT's St. Rose facility and loaded a cargo of approximately 14,000 metric tons of crude degummed soybean oil.

9. During loading, the cargo was transferred through two cargo hoses from two or more of IMTT's shore tanks into the tanks of the LOUISIANA. While the LOUISIANA was loading its final tanks, tanks 2 and 4 port and starboard, the loading rate slowed down. IMTT personnel informed the LOUISIANA crew that the rate slowed because one or more shore tanks were being "squeegeed out" to the LOUISIANA.

10. After loading was completed, an inspection of the loaded cargo was performed and samples of the cargo were taken. The samples were found to be in accordance with the intended specifications and the LOUISIANA departed on its voyage to Peru.

11. The cargo was discharged on or about June 22, 2019. Following discharge and upon returning to the United States, a significant amount of foreign material and residue was discovered in several of the LOUISIANA's tanks.

12. Prior to loading the cargo at IMTT, the LOUISIANA had carried urea ammonium nitrate ("UAN"), a colorless cargo, for the previous nine voyages. The LOUISIANA had been water washed three or more times in the year prior to the loading.

13. Prior to the loading at IMTT, there was no foreign material in the vessel's tanks. The LOUISIANA passed inspection and received the required FOFSA certificates.

14. At the time of the loading, the LOUISIANA was three years old and had fully coated cargo tanks.

15. The excessive amount of foreign material and residue found in the LOUISIANA's tanks necessitated additional cleaning. This was in addition to the usual cleaning that would have been required if the tanks were not fouled by the residual material. The cost of the additional cleaning was approximately $128,000.

16. The additional cleaning took five (5) days longer than the expected cleaning time, due to the significant fouling of the tanks. Because of the additional cleaning time, Moran Towing incurred damages of approximately $150,000 for its loss of charter hire for the LOUISIANA during the period that it was out of service for cleaning.

17. The fouling of the tanks was caused by the negligence of IMTT with respect to its discharge of IMTT's shore tanks into the LOUISIANA.

## COUNT I
## NEGLIGENCE

18. Moran Towing incorporates by reference and reasserts paragraphs 1-18 as if fully stated herein.

19. IMTT owed a duty to Moran Towing, as the owner of the LOUISIANA, to properly discharge the cargo from IMTT's shore tanks to the LOUISIANA and to avoid pumping residual and/or foreign material into the LOUISIANA's tanks.

20. IMTT breached its duty to Moran Towing when it negligently and improperly discharged the residual material from its shore tanks to the LOUISIANA's tanks.

21. IMTT also breached its duty when it "squeegeed" IMTT's shore tanks which, upon information and belief, caused residual and foreign material to be pumped from IMTT's shore tanks to the LOUISIANA's tanks.

22. IMTT also breached its duty to Moran Towing by failing to warn Moran Towing of foreseeable hazards.

23. IMTT's negligence was a direct and proximate cause of the fouling of the LOUISIANA's tanks and the resulting damages.

24. As a result of IMTT's negligence, Moran Towing sustained damages of approximately $278,000 for the additional cleaning costs and the loss of use of the LOUISIANA.

## COUNT II
## BREACH OF THE WARRANTY OF WORKMANLIKE PERFORMANCE

25. Moran Towing incorporates by reference and reasserts paragraphs 1-25 as if fully stated herein.

26. Moran Towing, as the owner of the LOUISIANA, was a beneficiary of IMTT's warranty of workmanlike performance.

27. IMTT was required to provide its services with the requisite degree of diligence, attention, and skill adequate to complete the task, and to use such care as an ordinarily prudent and skillful person would use under the circumstances.

28. IMTT breached the warranty of workmanlike performance when it negligently and improperly discharged the residual material from its shore tanks to the LOUISIANA's tanks and when it "squeegeed" IMTT's shore tanks which, upon information and belief, caused residual and foreign material to be pumped from IMTT's shore tanks to the LOUISIANA's tanks.

29. IMTT's breach of the warranty of workmanlike performance renders it liable for all foreseeable and proximate losses, including for Moran Towing's attorneys' fees and litigation expenses.

WHEREFORE, Moran Towing Corporation prays that its Complaint be deemed good and sufficient and that judgment be entered in its favor and against International-Matex Tank Terminals LLC for its damages, including interest, costs, expenses, and attorneys' fees.

Respectfully submitted,

*/s/ Michael A. Harowski*
Michael A. Harowski, T.A. (La. No. 30543)
Katherine W. Lynch (La. No. 36726)
Michael.Harowski@wilsonelser.com
Katie.Lynch@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
650 Poydras Street, Suite 2200
New Orleans, Louisiana 70130
Tel:   504-702-1710
Fax:   504-702-1715
*Counsel for Moran Towing Corporation*