UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MORAN TOWING CORPORATION                          CIVIL ACTION

v.                                                NO. 20-1119

INTERNATIONAL-MATEX TANK TERMINALS LLC            SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion for partial summary judgment.  For the reasons that follow, the motion is DENIED.

**Background**

On June 4, 2019, the plaintiff Moran Towing Corporation's articulated tug barge "ATB LOUISIANA" arrived at the defendant IMTT's St. Rose, Louisiana cargo terminal.  Over the next three days, the LOUISIANA was loaded with 14,000 metric tons of crude degummed soybean oil (CDSBO).  When the loaded cargo was inspected and "found to be in accordance with [] intended specifications," the LOUISIANA set sail for Callao, Peru.  Upon the LOUISIANA's return to New Orleans, Moran allegedly discovered excess foreign material and residue in the vessel's tanks which necessitated additional cleaning time and expense.

On April 6, 2020, Moran filed this two-count damages suit. In Count I, it seeks damages for garden-variety negligence.  In

1

Count II, it seeks damages, fees, and costs for breach of the warranty of workmanlike performance.

IMTT filed the instant motion for partial summary judgment on January 26, 2021. The motion is narrow in scope and merely seeks dismissal of Count II.

I.

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate where the record reveals no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Supreme Court has emphasized that the mere assertion of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, where contradictory "evidence is merely colorable, or is not significantly probative," summary judgment remains appropriate. Id. at 249-50 (citation omitted). Likewise, summary judgment is appropriate where the party opposing the motion fails to establish an essential element of its case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In

2

this regard, the nonmoving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Expl. Co., 974 F.2d 646, 649 (5th Cir. 1992).  Instead, it must come forward with competent evidence, such as affidavits or depositions, to buttress its competing claim.  Id.  Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible at trial do not qualify as competent opposing evidence.  Fed. R. Civ. P. 56(c)(2); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam).

Finally, in evaluating a summary judgment motion, the Court must read the facts in the light most favorable to the nonmoving party.  Anderson, 477 U.S. at 255.

II.

As previously noted, IMTT's motion presents a single narrow issue: whether the warranty of workmanlike performance supplies Moran a viable theory for recovery at trial.  IMTT argues that "[t]he doctrine should not apply to the facts of this case" for two reasons: first, because this not a personal injury case, and second, because there was no contract between the parties.  See Mot. at 4.  In a motion that reads at times like a law review article, IMTT paints the warranty of workmanlike performance as a "withered" doctrine in steady and unsuspended decline - one which has been both abrogated by Congress and sharply limited to its

3

facts by the Fifth Circuit.  See id. at 5-7 (quoting Bass v. Phoenix Seadrill/78, Ltd., 749 F.2d 1154, 1167 (5th Cir. 1985)).

For whatever its appeal as an academic matter, IMTT's motion fails to "show[] that there is no genuine dispute as to any material fact" such that IMTT "is entitled to judgment as a matter of law."  See FED. R. CIV. P. 56(a).  To the contrary, readily apparent disputes of fact and law compel the Court to deny IMTT's motion.

Most notably, the parties dispute – with reasonable arguments on both sides – whether their actions created an implied-in-fact contract,[1] and whether such a contract would have contained an implied warranty of workmanlike performance.[2]  To an extent, the parties also dispute what such a warranty would entail.

*     *     *

---

[1]   IMTT asserts, with almost no citation to the record, that it "only had a contract with Bunge North America whereby Bunge leased tanks from IMTT for the storage of CDSBO."  Moran counters, with somewhat persuasive legal support "from the earliest scribblings of U.S. maritime law," that "[b]y berthing at IMTT's Bulk Liquid Cargo Terminal and accepting the Cargo, Moran demonstrated a willingness to enter into an implied-in-fact contract with IMTT, and IMTT's reciprocal performance in loading the CDSBO onto the ATB LOUISIANA essentially ratified the implied-in-fact contract."

[2]   Throughout its motion, IMTT argues that the implied warranty of workmanlike performance is a limited doctrine that should not be extended to this non-personal-injury case, particularly since the parties had no contract (a notion which Moran disputes).  Moran responds that "[i]mplied warranties of workmanlike performance can be, and are, incorporated into implied contracts such as that between Moran and IMTT."

4

Terse summary judgment motions with a noticeable lack of citation to the factual record are not appropriate vehicles for resolving questions at the heart of a case just weeks before trial. As such, the intertwined (and disputed) questions of fact and law raised by IMTT's motion must be reserved for trial.

Accordingly, IT IS ORDERED: that the defendant's motion for partial summary judgment is DENIED.

New Orleans, Louisiana, February 10, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE